# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

| | | |
|---|---|---|
| IN THE MATTER OF: DEBTOR (S)<br><br>Mitchell Dewayne Moss | CASE NO: 21-30539-JDA<br>CHAPTER 13 PROCEEDINGS<br>JUDGE: Joel D. Applebaum | ATTORNEY: Frego & Associates - The Bankruptcy Law Office Plc<br>DATE FILED: 4/5/2021<br>CLAIMS BAR DATE: 6/14/2021<br>CONFIRMATION DATE: 6/15/2021 |

### TRUSTEE'S OBJECTION TO CONFIRMATION

1. The Trustee calculates that the proposed plan is not feasible and will extend beyond 60 months contrary to 11 U.S.C. §1322(d)(1).

2. The Debtor testified at the §341 Meeting of Creditors that the $900 per month housing expense is paid to Danny Zerkin for a residential lease. The residential lease is not included on Schedule G or treated in the Chapter 13 Plan as required by 11 U.S.C. 1322(b)(7). The Trustee requires an amended Schedule G, Matrix and an amended Chapter 13 Plan.

3. The Debtor testified at the §341 Meeting of Creditors that a new bank account has been opened with Teamsters Credit Union. The Trustee questions when this account was opened and requires an amended Schedule A/B if the account was open at the time of filing.

4. Based upon the Debtor's Schedule J, the amount of disposable income available to fund the Plan is $455 per month, but the amended Chapter 13 Plan proposes funding in the amount of $975 per month. The Trustee questions how the Debtor will be able to fund the plan pursuant to 11 U.S.C. §1325(a)(6).

5. The Trustee objects to the following expenses of the Debtor's Schedule J as excessive and unreasonable affecting the net disposable income available to fund the Plan in contravention of 11 U.S.C. §1325(a)(3) and/or 11 U.S.C. §1325(b):

    a. Trustee finds the Debtor's budget to be over the national standard guidelines by $402 per month (which covers food, housekeeping supplies, clothing and services, personal care products and misc. expenses based upon the number of persons within the household).

b. Charitable contributions listed on Schedule J in the amount of $100 per month as the Debtors' Statement of Financial Affairs, part 5, question 14, indicates no gifts or contributions with a total value of more than $600 went to any charity within 2 years before filing. Trustee requires three months verification of this charitable giving for January through March 2021.

c. Vehicle insurance in the amount of $460 per month. The Trustee requires a copy of the annual premium statement and declarations page for the automobile insurance to verify the amount included on Schedule J.

6. Provide the following to the Trustee:

   a. A complete copy of the filed 2019 and 2020 Federal Income Tax Returns;

   b. Sixty days recent paystubs for both the Debtor and the non-filing spouse;

   c. A copy of the residential lease agreement;

   d. A copy of the retail installment contract for the non-filing spouse's vehicle in which a $454 per month vehicle payment appears on Schedule J and include a step payment if the vehicle is paid off during plan pendency;

   e. A copy of the retail installment contract for the non-filing spouse's vehicle in which a $420 per month vehicle payment appears on Schedule J and include a step payment if the vehicle is paid off during plan pendency;

   f. A copy of the retail installment contract for the non-filing spouse's vehicle in which a $200 per month vehicle payment appears on Schedule J and include a step payment if the vehicle is paid off during plan pendency;

   g. Huntington Bank checking and savings account statements from January 1, 2021 through April 5, 2021;

   h. Teamsters Credit Union bank statements from January 1, 2021 through April 5, 2021 (as applicable);

i. Three months verification of the non-filing spouse's credit card ($40 per month on Schedule J) and finger hut budget expense ($50 per month on Schedule J).

**NATURE OF THE PLAN**- The Trustee interprets the nature of the plan to be:

☒ 100% Plan

WHEREFORE, unless the above terms are satisfied, the Chapter 13 Trustee requests that this Honorable Court deny confirmation of the Debtor's Plan, dismiss this case, or provide other relief as is just.

|  |  |
|---|---|
|  | /s/ Carl L. Bekofske |
| Dated: May 6, 2021 | Carl L. Bekofske, Standing Chapter 13 Trustee |
|  | 400 N. Saginaw St. Ste 331., Flint, MI 48502 |
| Katie | (810) 238-4675    ECF@flint13.com |
|  | P-10645 |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

IN THE MATTER OF:
DEBTOR (S)

Case No: 21-30539-JDA
CHAPTER 13 PROCEEDINGS
JUDGE Joel D. Applebaum

**Mitchell Dewayne Moss**

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2021, I electronically filed the Chapter 13 Trustee's Objection to Confirmation with the Clerk of the Court using the ECF system; which will send notification of such filing to the following:

Frego & Associates - The Bankruptcy Law Office Plc
fregolaw@aol.com

And I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Mitchell Dewayne Moss
1490 Westerrace Dr
Flint  Mi  48532

/s/ Tenee Smith
Carl L. Bekofske, Standing Chapter 13 Trustee
400 N. Saginaw St. Ste 331., Flint, MI 48502
(810) 238-4675
Email: ECF@flint13.com